FILED
2007 Jan-30 PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRIPLE S REFINING CORPORATION, formerly known as KERR MCGEE REFINING CORPORATION,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**MOUNT CANAAN FULL GOSPEL CHURCH,**<br><br>    **Defendant.** | **CASE NO. CV 06-B-0602-S** |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 7.)[1] Defendant contends that this court should abstain from entertaining this declaratory judgment action due to the pendency of a state court tort action arising out of the same set of operative facts, and in which all the parties who may be liable are properly before the state court. (Doc. 11.) Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motion to Dismiss, (doc. 7), is due to be granted.

### STATEMENT OF FACTS

Mount Canaan Full Gospel Church's ("Mount Canaan" or "defendant") property is

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

situated immediately to the east of Allied Energy Corporation's ("AEC") property.  (Doc. 1 at 3.)  AEC acquired the property from Triple S Refining Corporation ("plaintiff" or "TSRC," formerly known as Kerr McGee Refining Corporation) in 1997.  (Doc. 1 at 2.)  In 2003, Mount Canaan began preparing a site for construction of a school building on its property.  (Doc. 8, Ex. B at 5.)  Mount Canaan's excavation revealed contamination of its property.  (Doc. 1 at 3.)  While the amount and source of the contamination are disputed, TSRC admits that "subsurface hydrocarbon contaminants . . . could be related to TSRC's historical operations."  (*Id.*)

The Alabama Department of Environmental Management ("ADEM") requested that TSRC prepare a work plan for vertical and horizontal delineation of soil and groundwater impact.  (*Id.*)  After TSRC submitted a plan, the ADEM issued a consent order requiring delineation of the horizontal and vertical extent of soil and groundwater impact, the initiation of interim soil and groundwater remediation activities, indoor air monitoring, and submittal of quarterly and monthly progress reports.  (*Id.*)  Compliance with the consent order required access rights between TSRC and Mount Canaan.  (Doc. 1 at 4.)

On March 28, 2006, TSRC brought this declaratory judgment action against Mount Canaan.  (Doc. 1.)  TSRC alleges that Mount Canaan has wrongfully denied TSRC access to Mount Canaan's property.  (*Id.*)  According to TSRC, Mount Canaan has made erroneous submissions to ADEM regarding the extent of contamination and TSRC's

responsibility for the contamination. (Doc. 1 at 5.) TSRC also claims that Mount Canaan has demanded that TSRC pay the bills of environmental firms retained by Mount Canaan to prepare for litigation. (Doc. 1 at 6.)

TSRC filed this action to 1) enforce the access agreement entered into between Mount Canaan and TSRC for performance of ADEM required work and testing; 2) require Mount Canaan to provide TSRC with the results of any environmental testing which could be relevant to human health or environmental concerns; 3) declare that TSRC is not obligated to reimburse Mount Canaan for its litigation consultants; and 4) determine TSRC's liability, if any, to Mount Canaan for the alleged contamination of its property. (Doc. 1.)

Soon after TSRC filed this declaratory judgment action, Mount Canaan filed a complaint against TSRC, AEC, and several other entities in state court. (Doc. 8, Ex. B.) AEC, unlike TSRC, is an Alabama corporation. In the state court complaint, Mount Canaan brings negligence, trespass, and strict liability claims, alleging that AEC, TSRC, and others are responsible for the contamination of its property. (*Id.*)

Mount Canaan has moved to dismiss this declaratory judgment action on three grounds. First, Mount Canaan contends that the action should be dismissed because TSRC has failed to join an indispensable party pursuant to Fed R. Civ. P. 19. (Doc. 7.) Second, Mount Canaan contends that the action should be dismissed because there is no justiciable case or controversy. (Doc. 7.) Third, Mount Canaan argues that this court

should abstain from exercising jurisdiction because this matter is presently pending before a state court, and all issues can be resolved in that venue. (Doc. 11.)

## STANDARD OF REVIEW

The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287. According to the Eleventh Circuit, the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).

Consequently, federal district courts "enjoy considerable discretion to decline to hear declaratory judgment actions concerning matters already pending in state court." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *see also Wilton*, 515 U.S. at 286-87 (holding that the discretionary standard governs a district court's determination of whether to dismiss a declaratory judgment action during pending parallel state court proceedings).

## DISCUSSION

Where there is a related pending state court proceeding, "a district court should examine 'the scope of the pending state court proceeding and the nature of defenses open

4

there, considering whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'" *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495). Indeed, the Supreme Court has noted that it would be "uneconomical" and "vexatious" for a federal district court to proceed with a declaratory judgment action concurrently with ongoing proceedings involving the same parties and same legal issues in state court. *Brillhart*, 316 U.S. at 495.

The Eleventh Circuit has provided the following factors to aid district courts in determining whether to abstain from exercising jurisdiction over state law claims in the face of parallel litigation in state courts:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" – that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and

>legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331.

The first factor, "the strength of the state's interest," weighs in favor of abstention. The underlying action is being litigated in an Alabama state court and involves state law claims of negligence, trespass and strict liability. *See Progressive Specialty Insurance Co. v. Bailey*, 2006 WL 2091749, *3 (S.D. Ala. July 25, 2006); *Lexington Insurance Co. v. Rolison*, 434 F. Supp. 2d 1228, 1239 (S.D. Ala. 2006).

The second factor looks to whether the federal declaratory judgment action would settle the controversy. *Ameritas*, 411 F.3d at 1331. Plaintiff argues in its brief that a judgment in this court would "completely settle the bilateral, ongoing controversy between TSRC and Mount Canaan." (Doc. 10 at 14.) However, this factor refers to the entire underlying controversy. In other words, the question is whether this declaratory judgment action would settle the entire underlying controversy as to all parties involved, including AEC. Clearly it would not. *See id.* at 1331 ("[the district court] found that while it had before it only an incomplete set of parties and claims, the state court action encompassed the complete controversy"); *Rolison*, 434 F. Supp. 2d at 1240 (noting that "this [declaratory judgment action] is a subset of that presented in [the state court action]," and that several parties to the state court action were not parties to the declaratory judgment action); *Bailey*, 2006 WL 2091749, *3 ("[declaratory judgment

6

plaintiff's] declaratory judgment action encompasses only a fraction of the legal issues that have been joined in the [state court action], and would in no way address or resolve any of [declaratory judgment defendant's] claims against Powell, Marengo Forest, or anybody else"). On the other hand, allowing the Jefferson County Circuit Court to address the issues presented by the plaintiff in this action, as well as the issue of other parties' potential liability to defendant, would avoid "gratuitous interference with the orderly and comprehensive disposition of state court litigation." *See Brillhart*, 316 U.S. at 495. Therefore, this factor clearly weighs in favor of abstention.

The third factor addresses whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue. *Ameritas*, 411 F.3d at 1331. The present declaratory action may clarify the parties' dispute over the access agreement, the issue of defendant's demand for payment of expert fees, and the issue of expert data sharing. As to the question of defendant's potential liability to plaintiff, while this declaratory action may clarify the parties' legal relations, that issue is already before the state court. *See Bailey*, 2006 WL 2091749, *3 (noting that the question was not whether or not the legal relations would be clarified, but who would "do the clarifying"). Nevertheless, as a declaration by this court would help clarify the parties' legal relations, this factor weighs slightly against abstention. *See Rolison*, 434 F. Supp. 2d at 1240.

The fourth factor looks to whether or not the declaratory remedy is being used for procedural fencing. *Ameritas*, 411 F.3d at 1331. Plaintiff contends that it was merely

making use of the declaratory remedy in order to gain relief from the uncertainty of threatened litigation. (Doc. 10 at 5.) Defendant, on the other hand, contends that plaintiff filed this declaratory judgment action "in order to achieve a federal hearing in a case that TSRC knew could not be brought in federal court in the traditional way, i.e., by the aggrieved party against those with varying degrees of liability." (Doc. 8 at 18.) The court agrees that plaintiff has engaged in the sort of maneuvering that the court in *Bailey* found to be procedural fencing. That court noted:

> Progressive has aggressively sought to stamp out the third-party complaint in state court by invoking Ala. Code § 6-5-440 for the proposition that Alabama law forbids a plaintiff from prosecuting two Alabama actions at the same time for the same cause and against the same party. Thus, the record shows that after filing this federal action, Progressive has attempted to wield it to seal off Powell's access to a state forum for these coverage issues. Such conduct falls fairly within this Court's definition of "procedural fencing" for *Ameritas* purposes. Moreover, to endorse this kind of two-step dance would be to collapse the multi-faceted *Ameritas* test into a single-factor benchmark of who reaches the courthouse first. By filing a federal declaratory action before the aggrieved plaintiff seeks declaratory relief in state court, an insurer could guarantee a federal forum by summoning § 6-5-440 to smite down the state declaratory claims, leaving only the federal action.

*Bailey*, 2006 WL 2091749, *4. Like Progressive in *Bailey*, plaintiff filed this declaratory judgment action and "attempted to wield it to seal off" defendant's access to a state forum. *See id.* Plaintiff has argued that defendant's claims in state court are due to be dismissed under Ala. Code § 6-5-440 because it cannot bring those claims in a separate state court action when a prior-filed federal action involving the same claim is currently

8

pending. (Doc. 10 at 12.) If this court were to indulge plaintiff's § 6-5-440 argument, any tortfeasor threatened with litigation could achieve a federal hearing by filing a declaratory judgment action, and having the parallel state court action dismissed under § 6-5-440. Therefore, the "procedural fencing" factor favors abstention.

The fifth factor, whether the declaratory action would cause friction between federal and state courts or encroach on state jurisdiction, also weighs in favor of abstention. *See Ameritas*, 411 F.3d at 1331. If this declaratory action proceeds, the issue of plaintiff's liability to defendant will be before this court and the state court. A ruling by this court on the issue of plaintiff's liability may have res judicata effect on the state court's ability to decide the same issue. *See Rolison*, 434 F. Supp. at 1241 ("this factor favors abstention given the potential for friction inherent in having double-tracked, near-identical litigation pending in both federal and state courts").

The sixth factor, whether there is an alternative remedy that is more effective, weighs heavily in favor of abstention. *See Ameritas*, 411 F.3d at 1331. Whereas only TSRC and Mount Canaan are parties to this declaratory judgment action, TSRC, Mount Canaan, AEC, and other defendants are all parties in the state court action. Therefore, TSRC can litigate its claims for declaratory relief in the same state court that will decide liability issues for all parties involved. *See Bailey*, 2006 WL 2091749, *5 ("Progressive can fully litigate its claim for declaratory judgment against Powell and Bailey in the existing Choctaw County Circuit Court proceedings, with both coverage and liability

issues to be decided by the same court in an integrated manner without interference"); *Ameritas*, 411 F.3d at 1332 ("to proceed would amount to the unnecessary and inappropriate '[g]ratuitous interference' with the more encompassing and currently pending state court action that was contemplated by the Supreme court in *Brillhart* and *Wilton*").

The seventh and eighth *Ameritas* factors call for consideration of whether the underlying factual issues are important to an informed resolution of the case, and whether the state court is in a better position to evaluate those factors. *Ameritas*, 411 F.3d at 1331. In the present case, determination of plaintiff's liability is highly dependent on factual issues. Both parties have retained environmental experts, and determining the extent of plaintiff's responsibility for the contamination will be a highly factual inquiry. Furthermore, because all parties and claims are before the state court, it is in a better position to evaluate the factual issues. *See Rolison*, 434 F. Supp. 2d at 1242; *Bailey*, 2006 WL 2091749, *5. Therefore, the seventh and eighth factors also weigh in favor of abstention.

The final factor looks to "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." *Ameritas*, 411 F.3d at 1331. When the declaratory judgment complaint raises exclusively state law issues and policies, this factor weighs in favor of abstention. *See Rolison*, 434 F. Supp.

2d at 1242; *Bailey*, 2006 WL 2091749, *5.  In the present case, plaintiff's complaint makes no reference to federal law.  Plaintiff seeks an order declaring its rights under an access agreement for work required by a state agency, the Alabama Department of Environmental Management.  Plaintiff also seeks a declaration of its liability under Alabama negligence, trespass, and strict liability law.  Therefore, the "nexus" factor weighs in favor of abstention.

All factors except for one weigh in favor of abstention.[2]  According to the

---

[2] The facts of *Ameritas* also suggest that abstention is appropriate in the present case.  In *Ameritas*, the beneficiary of an insurance policy filed a claim with Ameritas Insurance Company to recover death benefits.  *Ameritas*, 411 F.3d at 1329.  Soon thereafter, Ameritas brought a diversity action under the Federal Declaratory Judgment Act seeking a declaration of the rights and obligations of the parties under the policy.  *Id.*  The beneficiary then filed a state court action against Ameritas, an insurance agency, and one of its agents.

The district court abstained from the declaratory judgment action.  The court found that "while it had before it only an incomplete set of parties and claims, the state court action encompassed the complete controversy."  *Id.* at 1331.  The court also noted that neither Ameritas nor the district court could compel the beneficiary to litigate her third-party claims in the declaratory action, "which would be the only way in which the district court could mirror the state court action."  *Id.*  Finally, the court concluded that "to allow the declaratory action to proceed would amount to the unnecessary and inappropriate 'gratuitous interference' with the more encompassing and currently pending state court action that was contemplated by the Supreme Court in *Brillhart* and *Wilton*."  *Id.* at 1332.  According to the Eleventh Circuit, the district court "gave appropriate consideration to the primary factors existing here, including the traditional concepts of federalism, efficiency, and comity" in "rightly abstaining from the declaratory action in favor of the parallel state court action."  *Id.*

Many of the same circumstances exist in the present case.  Although the state action was filed after the declaratory judgment action, the state action encompasses the complete controversy, while this court has only an incomplete set of parties and claims.  Finally, if this court proceeds, it may interfere with the pending state court action.

*Ameritas* court, the list of factors "is neither absolute nor is any one factor controlling; [the factors] are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Ameritas*, 411 F.3d at 1331.  In the present case, the *Ameritas* factors, considered as a whole, clearly counsel this court to abstain.  Therefore, considering the Supreme Court's advice in *Brillhart* and *Wilton*, and application of the *Ameritas* factors, this court declines to exercise jurisdiction.  Because this court abstains, the court pretermits defendant's Rule 19 and "case or controversy" arguments for dismissal.

## CONCLUSION

Based on the foregoing, defendant Mount Canaan Full Gospel Church's Motion to Dismiss, (doc. 7), is due to be granted.  An order granting defendant's Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 30th day of January, 2007.

_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE